Chancellor Thompson
It is ordered in this case that the 'land belonging to A. Butler, as also the three negroes referred to in John J. Moore’s answer, be sold on a credit of twelve months; subject to be re-sold for cash in the event of the terms of sale not being complied with, at the risk of the former purchaser; and that the proceeds of said sale be applied first to satisfy the note due John Moore, with interest, and that the complainant do recover the balance due on the bond against defendants A. Butler and Mathew James, and that the balance of the proceeds of said land and negroes be applied to the satisfaction of complainant’s demand, or so much as will satisfy the -aid demand; and ip the event of the said property pot selling *266 for enough to satisfy both complainant’s demand and the said John Moore, then, that he may proceed against Mathew James for any balance; and it is referred to the commissioner to report whether any or how much has at any time been paid on said bond in cash, or what just discount the said Anthony Butler may have against said bond, for any property not accounted for by the said James Myler.
The defendant, M. James, appealed on the grounds,
1st. That before a final decree, further time should have been allowed for the defendant, A. Butler, to account for his administration of the estate of John Butler:
2nd. That complainant’s remedy was at law:
3rd. That before a decree, complainant should have been compelled to account for his intestate’s administration of John' Butler’s estate.
Evans, against the motion to reverse decree. The complainant’s remedy was in this court or he was without remedy. The court of law has decided that an attachment will not lie against an executor or administrator who is absent from the state, 1 Stat. Rep. 125; and until the act of the legislature, passed since the commencement of this suit, one obligor to á joint bond could not be sued where the other was out of the state.
M‘ Cord, for appellants, in reply. Myler was the administrator of John Butler. It was his duty and interest to pay this bond. He has never accounted for his administration; and Until he, or his representative, has done so, he can have no right to recover against the administrator de bonis non. His administration was revoked, from which we may infer misconduct. The presumption is, either that he paid this bond or retained enough of the estate for his security.
But a decree should not have been now made for the sale of the property of the absent defendant, A. Butler; and at all events, not against the.security. The absent defendant has still near four years to set aside the decree made on the order pro confesso. After the surety shall have paid the demand, the principal will be allowed to shew that nothing was due.
*267 It was ordered and adjudged that the decree of the circuit court be affirmed; but that the sale of the lands referred to in the decree be postponed, until the time shall elapse which by law is allowed for defendants to come in and set aside the orden- pro confesso and disprove the demand.
Chancellors, Thompson, JJesaiissure, Gaillard and James.,M concurring-.